IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| BRENDA ELROD, | § | |
| Plaintiff, | § § § | |
| VS. | § § | Civil Action No. 5:21-cv-00039-RWS |
| LOWE'S HOME CENTERS, LLC, | § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

## PLAINTIFF'S AMENDED COMPLAINT

COMES NOW, Brenda Elrod ("Plaintiff") complaining of and bringing action against Lowe's Home Centers, LLC ("Lowe's"), and for cause of action states the following:

### PARTIES

1. Plaintiff Brenda Elrod is an individual residing in Cass County, TX.

2. Defendant Lowe's Home Centers, LLC is a North Carolina limited liability company doing business in the State of Texas. Defendant's counsel has agreed to accept service.

### VENUE AND JURISDICTION

3. This Court has jurisdiction over this case because it is a lawsuit between parties of diverse citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332.

4. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

### FACTS

5. Lowe's is the owner/operator of a home improvement store located at 501 Walton Drive, Texarkana, TX 75501 ("The Premises"). At all times relevant to this case, Lowe's was the

owner/operator of The Premises and maintained control over all aspects of The Premises. Lowe's was a possessor of The Premises.

6. On September 12, 2020, Plaintiff was lawfully on The Premises and was an invitee. Plaintiff was looking at the storm doors that were on display in the Lowe's located at 501 Walton Drive, Texarkana, TX 75501. When Plaintiff opened one of the storm doors to look at the door that was behind it, the door she opened suddenly came loose from its display and fell on her and Plaintiff was severely injured (herein referred to as "The Incident").

7. The Incident was proximately caused by the existence of a condition on the premises that was unreasonably dangerous and constituted an unreasonable risk of harm. The subject display was unreasonably dangerous in that it was not properly installed and secured.

8. Lowe's knew or reasonably should have known of the danger such condition posed since they were the ones who set up the display.

## **CAUSES OF ACTION**

### **Negligence**

9. Plaintiff incorporates by reference the above paragraphs as if fully set forth herein.

10. Lowe's breached its duty of care to Plaintiff by:

    a. Failing to keep The Premises in a reasonably safe condition;

    b. Failing to inspect The Premises for defects;

    c. Failing to warn or adequately warn Plaintiff of the unreasonably dangerous condition;

    d. Failing to make the condition reasonably safe; and

    e. Creating the unreasonably dangerous condition by not properly installing and securing the subject display.

## Premises Liability

11. Plaintiff was an invitee on The Premises. Lowe's was the owner and operator of The Premises and was a possessor of The Premises. A condition on The Premises posed an unreasonable risk of harm. Lowe's knew and/or reasonably should have known of the danger. Plaintiff did not have actual knowledge of the danger. Lowe's breached its duty of ordinary care by (1) failing to adequately warn Plaintiff of the condition; and (2) failing to make the condition reasonably safe. Lowe's breach proximately caused Plaintiff's injuries and damages.

12. Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence and/or gross negligence which proximately caused The Incident and Plaintiff's injuries and damages.

## PERSONAL INJURIES AND DAMAGES

13. As a result of Defendant's negligence and/or gross negligence, Plaintiff has suffered personal injuries. Consequently, Plaintiff seeks recovery of the following damages:

   a. <u>Medical Expenses</u>: Plaintiff has incurred bodily injuries which were caused by The Incident and Plaintiff has incurred medical expenses for treatment of such injuries. Plaintiff believes that, in reasonable medical probability such injuries will require the need for future medical care.

   b. <u>Lost Wages and Loss of Earning Capacity</u>: Plaintiff has lost wages as a result of the personal injuries sustained in The Incident. Plaintiff reasonably believes that such injuries will diminish Plaintiff's earning capacity in the future.

   c. <u>Physical Pain</u>: Plaintiff has endured physical pain as a result of the personal injuries sustained in The Incident, and reasonably anticipates such pain will continue in the future.

   d. <u>Mental Anguish</u>: Plaintiff has endured mental anguish as a result of the personal injuries sustained in The Incident, and reasonably anticipates such mental anguish will continue in the future.

   e. <u>Disfigurement</u>: Plaintiff has endured disfigurement as a result of the personal injuries sustained in The Incident, and reasonably anticipates such will continue in the future.

      f.      <u>Impairment</u>: Plaintiff has endured physical impairment as a result of the personal injuries sustained in The Incident, and reasonably anticipates such in the future.

## **CONDITIONS PRECEDENT**

14. All conditions precedent to Plaintiff's right to recover the relief sought herein have occurred or have been performed.

## **DEMAND FOR JURY TRIAL**

15. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

## **RELIEF SOUGHT**

16. Plaintiff requests that Defendant be cited to appear and answer, and that this case be tried after which Plaintiff recovers:

    a.    Judgment against Defendant for a sum within the jurisdictional limits of this Court for the damages indicated above;

    b.    Pre-judgment interest at the maximum amount allowed by law;

    c.    Post-judgment interest at the maximum rate allowed by law;

    d.    Costs of suit; and

    e.    Such other and further relief to which Plaintiff may be justly entitled.

Dated: March 23, 2021               Respectfully submitted,

**HEYGOOD, ORR & PEARSON**

*/s/ James Craig Orr, Jr.*
James Craig Orr, Jr.
State Bar No. 15313550
jim@hop-law.com
6363 N. State Hwy. 161, Suite 450
Irving, Texas   75038
(214) 237 9001
(214) 237 9002 (FAX)

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2021, I electronically filed the foregoing document via the CM/ECF electronic filing system and served all counsel of record pursuant to FED. R. CIV. P. 5(b)(2)(E).

*/s/ James Craig Orr, Jr.*
James Craig Orr, Jr.